**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jason Frindt, on behalf of himself and all others similar situated,** | ) | **CASE NO. 1:25 CV 2226** |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **vs.** | ) | |
| **Lindsey Fascione, et al.,** | ) | **Memorandum Opinion and Order** |
| **Defendants.** | ) | |

## INTRODUCTION

This matter is before the Court upon Defendant Lindsey Fascione's Renewed Partial Motion for Judgment on the Pleadings. (Doc. 32.) This is a Fair Labor Standards Act case. For the reasons that follow, the motion is DENIED.

## BACKGROUND

For purposes of ruling on the pending motion, all well-plead factual allegations in the Amended Complaint (Doc. 27) are presumed true. Plaintiff Jason Frindt ("Frindt" or "Plaintiff") and his former co-workers were employees of defendant Insight Behavioral Consulting, LLC ("Insight Behavioral"), a company that, until July 2025, provided in-school and after-school services for children and adolescents with behavioral barriers. Insight Behavioral ran into financial

difficulties under its late owner Jeremy Meduri ("Meduri") and his wife, defendant Lindsey Fascione ("Fascione"). Insight Behavioral has since ceased active operations.

Plaintiff alleges that Insight Behavioral did not pay its employees their full wages earned in 2025, including failing to pay minimum wages and overtime, and did not contribute monies that were withheld from employees' pay in 2024 and 2025 to employees' retirement accounts. According to Plaintiff, Meduri and Fascione used the money owed as wages and benefits to line their own pockets, purchase a home worth over $1 million, purchase numerous luxury automobiles, take lavish vacations, and fund purchases for an affiliated company, defendant Insight Psychiatric Clinic, LLC ("Insight Psychiatric").

Plaintiff filed suit on behalf of himself and all others similarly situated alleging that (1) Insight Behavioral and Meduri violated the Fair Labor Standards Act ("FLSA") by failing to pay employees all minimum wages and overtime compensation due to them; (2) Meduri violated the Employee Retirement Income Security Act ("ERISA") by failing to make all contributions and benefit premium payments for employees; (3) all defendants violated Ohio's Fraudulent Transfer Act; and (4) all defendants were unjustly enriched. Fascione now moves for partial judgment on the pleadings on Plaintiff's claim brought pursuant to Ohio's Fraudulent Transfer Act and Plaintiff's claim for unjust enrichment. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.*, 2013 WL 560515, at *3 (6th Cir. Feb. 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material

allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept 'the bare assertion of legal conclusions' as enough, nor does it 'accept as true . . . unwarranted factual inferences.'" *Gritton v. Disponett*, 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Grp., Inc*., 123 F.3d 394, 400 (6th Cir. 1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**ANALYSIS**

In her motion, Fascione contends that Plaintiff's state-law claims for fraudulent transfer and unjust enrichment must be dismissed against her because they are preempted by FLSA and ERISA. As Plaintiff points out, however, the amended complaint does not bring a claim under either FLSA or ERISA against Fascione because the amended complaint does not allege that Fascione was an "employer" or "fiduciary" under the respective statute.

But even if Plaintiff did allege that Fascione was an "employer" or "fiduciary" under the statutes, the veracity of such allegations is not clear before discovery. To be sure, Fascione denied being an "employer" and "fiduciary" in her original answer. (Doc. 7 ¶¶ 13, 19.) She also asserted an affirmative defense that she was not an employer covered by FLSA nor a fiduciary covered by ERISA. (*Id.* at 12.) She realleges this affirmative defense in her amended answer. (Doc. 30 at 11.) Accordingly, at this posture, Plaintiff is entitled to plead his claims in the alternative because, at the very least "'a court may not dismiss claims as preempted until the parties have had a chance to develop the facts during discovery to assess whether facts different from those comprising the [federal] claim support the state common law state claims.'" *Bowman v. MetroHealth Sys.*, 2025 WL 3267906, at *11 (N.D. Ohio Now. 24, 2025) (quoting *Clark v. Pizza Baker, Inc.*, 2020 WL 5760445 *4 (S.D. Ohio Sept. 28, 2020))) ("Unjust enrichment allegations mirroring FLSA . . . allegations are not generally dismissed on a Rule 12(b)(6) motion.").

Further still, even if Fascione concedes her vulnerability to liability under FLSA or ERISA, this Court would not dismiss Plaintiff's state-law claims at this posture. First, this Court has previously found that FLSA does not preempt Plaintiff's state-law fraudulent transfer or unjust enrichment claims. *Sardisco v. Direct Import Home Decor, Inc.*, 2014 WL 3014369, at *3–4 (N.D.

Ohio July 2, 2014) ("[T]he Court . . . concludes that the FLSA does not preempt a claim for fraudulent inducement."); *Carter v. PJS of Parma, Inc.*, 2016 WL 1316354, at *5 (N.D. Ohio Apr. 4, 2016) ("[T]his Court finds that the plaintiffs' claim for unjust enrichment is not an obstacle to the FLSA scheme and that it is therefore not in conflict with the statute.").[1] To be sure, this Court's conclusions in *Sardisco* and *Carter* are consistent with the decisions of the majority of district courts in the Sixth Circuit who have analyzed this issue. *See, e.g.*, *Knisley v. Johnson*, 2022 WL 17718637, at *5 n.3 (E.D. Tenn. July 22, 2022); *Clark*, 2020 WL 5760445, at *4 (distinguishing the Sixth Circuit's decision in *Torres*); *see also Carter*, 2016 WL 1316354, at *4 (collecting cases).

Second, Plaintiff's ERISA claims would, at most, preempt the fraudulent transfer claim and unjust enrichment claim only to the extent these claims sought money that should have been paid as contributions to the ERISA plans. Plaintiff alleges defendants' fraudulent transfers and unjust enrichment affected more than those contributions (*e.g.*, gap pay, minimum wage, and overtime). At this posture, it is not clear what specific monies Plaintiff seeks to recover from Fascione through

[1] Fascione acknowledges as much but implies two recent Sixth Circuit cases overruled *Sardisco* and *Carter*. (Doc. 32, at 7 (citing *Torres v. Vitale*, 954 F.3d 866, 873 (6th Cir. 2020); *Collier v. LoGiudice*, 818 F. App'x 506, 509–10 (6th Cir. 2020)).) Fascione's suggestion is misplaced. Neither *Torres* nor *Collier* reaches the question of whether FLSA preempts state-law causes of action. *See Torres*, 954 F.3d at 872 n.1 (noting that the issue before the court was one of claim preclusion, not preemption between a federal law and a state law).

Further, Defendant's argument that Plaintiff's state-law claims are preempted because he did not plead Ohio minimum wage or overtime claims is founded on circular logic and not well taken. Nothing in the cases cited by Fascione suggests that preemption hinges on whether a plaintiff brings a specific state-law, FLSA-equivalent claim. Further, these state-law, FLSA-equivalent claims would be premised on the same conduct as the FLSA claim and, following Fascione's logic, would be preempted by the FLSA—exactly what this and most other courts in the Sixth Circuit have held to be incorrect.

the state-law claims, but the amended complaint has plausibly alleged that the claims are based on more than the unpaid ERISA benefits.[2]

**CONCLUSION**

For the foregoing reasons, Defendant Lindsey Fascione's Renewed Partial Motion for Judgment on the Pleadings (Doc. 32) is DENIED.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 8/31/2026

[2] This Court notes that Fascione seems to argue for the first time in her reply brief that Plaintiff failed to allege the elements of an unjust enrichment claim. (Doc. 36, at 6.) It is well-settled, however, "that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577-78 (E.D. Tenn. 2012) (quoting *Cooper v. Shelby Cnty.*, 2010 WL 3211677, at *3 n. 14 (W.D. Tenn. 2010) (collecting Sixth Circuit and district court cases discussing this principle)).